IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 05cv1652 |
| | ) | |
| ANTOINE F. CAWOG AND | ) | |
| AURORA CAWOG, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

This matter was initiated on November 30, 2005, by the United States of America with the filing of a four-count COMPLAINT FOR FEDERAL TAXES, *to wit:* Count I - Reduce Tax Assessment Against Antoine and Aurora Cawog; Count II - IV- Foreclose Liens on Real Property.[1]

Service of the Summons and Complaint was personally served upon Defendants, Antoine F. Cawog and Aurora Cawog, on February 2, 2006. *See* Document Nos. 3 and 4. Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A), the Defendants were required to serve an Answer to the Complaint on or before February 22, 2006.

On March 23, 2006, the government requested the entry of Default against both Defendants as neither had responded to the Complaint as required by Federal Rule of Civil Procedure 12(a).

On March 27, 2006, Robert V. Barth, Clerk of Courts, entered default against both Defendants in accordance with Federal Rule of Civil Procedure 55(a) because both Defendants

---

[1] The real property is identified in the Complaint as follows: 102 Foxwood Lane, Greensburg, Pennsylvania (Count II); 422 Main Street, Irwin, Pennsylvania (Count III); and 30 S. 4th Street, Youngwood, Pennsylvania (Count IV).

"had failed to appear, plead, or otherwise defend the action." *See* Document Nos. 10 and 11. Defendants never sought to set aside the entry of default pursuant to Rule 55(c) nor did they seek relief pursuant to Rule 60.

On May 8, 2006, the government filed a MOTION FOR DEFAULT JUDGMENT AGAINST ANTOINE F. CAWOG AND AURORA CAWOG in which it requested that a default judgment be entered in favor of the United States and against defendants, Antoine F. Cawog and Aurora N. Cawog in the amount of $2,462,889.75, plus statutory additions in accordance with 26 U.S.C. § 6601 accruing after May 15, 2006.

On May 11, 2006, the Court granted the Motion for Default Judgment in favor of the government and against defendants Antoine F. Cawog and Aurora N. Cawog for the unpaid federal individual income taxes for the years ending December 31, 1986; December 31, 1987; December 31, 1988; December 31, 1989; December 31, 1995; December 31, 1996; and December 31,1997; and penalties and interest thereon, for a total of $2,462,889.75, plus interest according to 28 U.S.C. § 1961(c) from May 15, 2006 until paid.

The Court found that all the federal tax liens of the United States were valid and existing liens against all property and rights to property owned by the defendants, Antoine F. Cawog and Aurora N. Cawog. The federal tax liens were foreclosed against all rights to property owned by the defendants, Antoine F. Cawog and Aurora N. Cawog, in the subject real property located at 102 Foxwood Lane, Greensburg, Pennsylvania; 422 Main Street, Irwin, Pennsylvania; and 30 S. 4th Street, Youngwood, Pennsylvania. The Court ordered that the subject real property be turned over to the Internal Revenue Service, and sold, by the Internal Revenue Service, through its property appraisal and liquidation service, or by such

representative as may be appointed or employed, in accordance with Title 28, United States Code, pursuant to any Order of Sale entered by this Court.

On that same date, the Clerk of Courts entered default judgment in favor of Plaintiff, United States of America, against Defendants Antoine F. Cawog and Aurora N. Cawog in the amount of 2,462,889.75, plus interest according to 28 U.S.C. Section 1961(c) from May 15, 2006 until paid.

On May 22, 2006, eleven (11) days after default judgment had been entered, Defendants, through counsel, filed their OBJECTIONS TO MOTION FOR ENTRY OF DEFAULT JUDGMENT (Document No. 14).[2]  In their objections, Defendants do not seek to set aside the monetary judgment, but rather oppose the foreclosure of the federal tax liens against their three properties.  Additionally, Defendants ask the Court to "effect" a permanent settlement and for "innocent spouse" relief for Aurora Cawog.  The government has filed an extensive response to Defendants' objections and the matter is ripe for disposition.

Initially, the Court finds and rules that the Defendants have not alleged any grounds under Rule 60(b) to set aside the foreclosure judgment.  Specifically, they have not alleged any "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence . . .; (3) fraud, . . ., misrepresentation or other misconduct . . .; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application . . . . " Fed. R. Civ. P. 60(b).

---

[2] Although not titled as such, the Court will deem Defendants' objections as a Motion to Set Aside the Default Judgment under Federal Rule of Civil Procedure 60(b).

However, the Defendants have raised other arguments to support their objections, and these will be addressed *seriatim*.

First, Defendants argue that the government has failed to follow proper procedural requirements under 26 U.S.C. § 7403 to enforce the liens. The Court finds and rules this objection to be without merit. The government clearly filed this civil action pursuant to 26 U.S.C. § 7403. *See* Complaint, at ¶¶ 2 and 3. Liens arose against the Cawogs property and rights to property after the tax assessments were made and notice and demand was given to the Cawogs. *See* 26 U.S.C. § 6332.

Next, Defendants "object to the seizure and foreclosure of the property designated as 102 Foxwood Avenue as being exempt because it is the domicile of the defendants and their five children. (I.R.C. 6334). No compelling reason has been advanced for the Court to waive the defendant's right to this exemption." Defs' Br. at D. The Court finds and rules that neither this lawsuit, nor this Court's judgment ordering foreclosure of the government's liens, constitutes an IRS levy pursuant to which the Defendants could assert some exemption. Rather, this is a civil action filed under 26 U.S.C. § 7403 to enforce a lien; therefore, no exemptions under I.R.C. § 6334 (dealing with exemptions in the event of a seizure of property by levy) apply.

Third, Defendants "object to the seizure and foreclosure of the property designated as 422 Main Street [] as being exempt (I.R.C. 6334) since this building is the location of the defendant husband's medical practice. No compelling reason has been advanced for the Court to waive the defendant's right to this exemption." Defs' Br. at E. Again, the Court finds and

rules that this is a civil action filed under 26 U.S.C. § 7403 to enforce a lien; therefore, no exemptions under I.R.C. § 6334 apply.

Fourth, Defendants object "to the seizure and foreclosure of the property designated as 30 S. 4th Street, Youngwood, PA. This property is also exempt because it is the location of the defendant husband's medical practice even though due to fire the property is presently inhabitable." Again, the Court finds and rules that this is a civil action filed under 26 U.S.C. § 7403 to enforce a lien; therefore, no exemptions under I.R.C. § 6334 apply.

Fifth, Defendants ask the "Court to take cognizance of the fact . . . [that] plaintiff has collected sufficient funds to satisfy the defendant's basic tax liability. The unpaid balance is strictly penalties and interest which due to compounding has risen exponentially . . . ." Defs' Objections at ¶ G. Contrary to Defendants' assertion, the evidence of record reflects that the Defendants continue to owe tax, as well as statutory interest and penalties. The undisputed fact remains that these amounts are due, the government has not been paid for decades, and the foreclosure of the government's liens against these properties may finally help to satisfy some of these liabilities. Furthermore, the Court observes that it is the dilatory tactics of Defendants which have caused the "penalties and interest" to rise exponentially. Accordingly, this request is not a sufficient ground upon which to set aside the judgment.

Sixth, in addition to requesting that the foreclosure proceeding be denied, Defendants ask the Court to "use its jurisdictional powers to effect a permanent settlement of the defendant's tax liability." The Court notes that the Bankruptcy Court gave the Defendants multiple chances to settle their IRS debt, or to formulate a plan of reorganization to deal with their single creditor, the Internal Revenue Service, yet the Defendants failed to file a

confirmable plan.  In fact, after this Court denied their request to stay the bankruptcy appeal, the Defendants claimed that they intended to file an offer in compromise, but no such offer was ever received by the government.  The Court finds the Defendants' request is part of a clear pattern of delay and, therefore, the Court rejects the Defendants' request for a Court-sponsored settlement.

Lastly, the Defendants contend that Aurora Cawog is an "innocent spouse," and ask this Court to absolve her of any liability.  Initially, the Court notes that it is without jurisdiction to make a finding that Aurora Cawog is an "innocent spouse" as that determination lies with the Tax Court.  26 U.S.C. § 6015(e). However, assuming that the Court had jurisdiction, it would decline to find Aurora Cawog an "innocent spouse" for a number of reasons, *to wit:*  Under 26 C.F.R. § 1.6015-5(a), a spouse electing "innocent spouse" relief must first file a Form 8857 with the Internal Revenue Service.  From the record before the Court, it does not appear that Aurora Cawog has ever filed such a request.  Next, the regulations require that the Form 8857 be filed no later than two years from the date of the first collection activity against the requesting spouse after July 22, 1998.  "Collection activity" is defined as a notice of intent to levy under 26 U.S.C. § 6330, or the filing of a claim by the United States in a court proceeding in which the requesting spouse is a party or involves property of the requesting spouse.

The IRS issued a notice of intent to levy and right to collection for each year at issue on October 2001.  Also, the IRS filed a proof of claim on November 22, 2002 in the Cawog bankruptcy case.  The Court notes that both these collection events occurred long ago, and Aurora Cawog filed no claim for relief.

Also, it does not appear that Aurora Cawog would qualify for innocent spouse relief. Such relief may apply when on a joint return there is an understatement of tax attributable to erroneous items of the one spouse and the "innocent spouse" contends that, in signing the return, he or she did not know and had no reason to know about the understatement. 26 U.S.C. §§ 6105(b)(1)(A)-(c). The record reflects that Aurora Cawog would not be eligible for innocent spouse relief, at least with respect to the years 1995 - 1997, because those tax liabilities are based on the tax shown on jointly filed returns, not grounded on some understatement from an erroneous item attributable to Antoine F. Cawog.

In conclusion, the Court finds and rules that the judgment entered on May 11, 2006 should not be set aside. The government was precluded from collecting more than $2 million in valid tax, interest and penalties for seven years while the Defendants enjoyed the protection of Bankruptcy Court and failed to address their debt to that creditor. The Defendants have successfully avoided fully paying their federal tax liabilities for two decades. The Court finds and rules that Defendants have no meritorious defense to foreclosure.

In light of these circumstances, the Court finds that under no standard or test should the Court set aside the default judgment foreclosing the liens.

So **ORDERED** this 15th day of June, 2006.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:     R. Scott Clarke,
        United States Department of Justice
        Email: Russell.S.Clarke@usdoj.gov

        Samuel Oppenheim, Esquire
        429 Forbes Avenue
        708 Allegheny Building
        Pittsburgh, PA 15219