## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil No. 02:05cv1652 |
| | ) |
| ANTOINE F. CAWOG and | ) |
| AURORA N. CAWOG, | ) |
| | ) |
| Defendants. | ) |

## ORDER OF SALE

WHEREAS, judgment was entered by this Court on May 11, 2006, in the above-entitled

action in favor of the United States and against defendants Antoine F. Cawog and Aurora N.

Cawog, ordering that the United States' tax liens be foreclosed and that the subject properties,

described below, be sold pursuant to 28 U.S.C. § 2001(a).

WHEREAS, the subject properties (collectively, the "Properties") are:

a.      Certain real property commonly known as 102 Foxwood Lane,

Greensburg, Pennsylvania, and described in a deed filed on or about June 29, 1978 with the

Recorder of Deeds for Westmoreland County, Pennsylvania as follows:

> All that certain tract or parcel of land situate in the Township
> of Unity County of Westmoreland and Commonwealth of
> Pennsylvania being known and designated as Lot No. 102 in
> Block A of the Foxwood Plan of Lots, as recorded in the Recorder
> of Deeds' Office in and for Westmoreland County in Plan Book
> Volume 78, page 27, and containing 0.718 acres, more or less.

b.      Certain real property commonly known as 422 Main Street, Irwin,

Pennsylvania and described in a deed filed/recorded on January 23, 1981 with the Recorder of

Deeds for Westmoreland County, Pennsylvania as follows:

> All that certain lot of ground situate in the Borough of Irwin,
> County of Westmoreland and Commonwealth of Pennsylvania, on
> the west side of Main Street bounded and described as follows, to
> wit:
>
> Said lot has a front width of twenty-five (25) feet on Main Street
> and extends back westwardly the same width, one hundred twenty
> (120) feet, more or less, to a twenty (20) foot alley, being a part of
> Lot No. 35 on McGowan Plan of the Town of Irwin, bounded on
> the north by lot now or formerly of the Lang Estate and on the
> south by lot of Borough of Irwin.
>
> Having thereon erected a two story brick store building and
> other improvements.
>
> Being the same lot of ground which John Abraham and Joyce
> Abraham, his wife, of the Borough of Irwin, by deed dated the 26th
> day of August, 1977 and recorded in the Office of the Recorder of
> Deeds, of Westmoreland County, Pennsylvania in Deed Book
> Volume 2261, page 1121 granted and conveyed to Ben D. Razon
> and Florferida Razon, his wife, by deed dated the 22nd day of
> August, 1978 and recorded in the Office of the Recorder of Deeds
> of Westmoreland County, Pennsylvania in Deed Book Volume
> 2352, page 365 granted and conveyed an undivided one-half (½)
> interest to John Abraham, said deed being corrected by a deed
> recorded herewith.

      c.     Certain real property commonly known as 30 S. 4th Street, Youngwood,

Pennsylvania and described in a deed filed/recorded on July 26, 1990 with the Recorder of

Deeds for Westmoreland County, Pennsylvania as follows:

> All that certain piece or parcel of land situate in the Borough of
> Youngwood, County of Westmoreland and the Commonwealth of
> Pennsylvania, being known and designated as the southern 35.7
> feet of Lot No. 102 in the Youngwood Land Companies Plan of
> Lots, bounded and described as follows:

> BEGINNING at a point on the east side of Fourth Street at the
> corner of Lot Nos. 101 and 102; thence in an easterly direction
> along the division line between Lot No. 101 and 102, a distance of
> 100 feet to an alley; thence in a northerly direction along said alley,
> a distance of 35.7 feet to a point; thence in a westerly direction
> along a line parallel to the division line between Lot Nos. 101 and
> 102, a distance of 100 feet to Fourth Street; thence in a southerly
> direction along the line of Fourth Street a distance of 35.7 feet to
> the place of beginning.

> Having erected thereon a frame theater building.

      Accordingly, it is hereby ORDERED and DECREED as follows:

      1.     That the Internal Revenue Service, through its Property Appraisal and Liquidation

Specialist ("PALS"), or by such representative as may be appointed or employed, in accordance

with Title 28, United States Code, and the procedures of this Court, is authorized under 28

U.S.C. §§ 2001 and 2002 to offer for sale at public auction, and to sell the subject properties.

This decree of sale shall act as a special writ of execution and no further orders or process from

the Court shall be required.

2.    The Internal Revenue Service, or its representative is authorized to have free access to the Properties and to take all actions necessary to preserve the Properties, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the property, until the deed to the Properties are delivered to the ultimate purchaser.

3.    The sale(s) of the Properties shall be free and clear of liens or interests of Antoine F. Cawog and Aurora N. Cawog and of the United States.

4.    The sale(s) shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Properties, and any easements and restrictions of record, if any.

5.    The Properties shall be sold by public auction(s) to take place within Westmoreland County and the Commonwealth of Pennsylvania, either on the premises themselves or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002.

6.    The time(s) and place(s) for the sale(s) of the Properties are to be announced by the Internal Revenue Service.

7.    The sale(s) of the Properties shall be advertised once each week for four (4) consecutive weeks preceding the time fixed for such sale in a daily newspaper of general circulation in Westmoreland County and the Commonwealth of Pennsylvania and by any other

notice that the Internal Revenue Service may deem appropriate.  The notice(s) of sale shall contain a description of the property to be sold and shall contain the terms and conditions of sale in this order and decree.

8.     The Internal Revenue Service has the authority to set a minimum bid for the Properties.  If the minimum bid is not met or exceeded, the Internal Revenue Service may, without further order of this Court, and under the terms and conditions in this order and decree, hold a new public sale with or without a reduction of the minimum bid.

9.     No bid on any of the Properties (except as to the United States) shall be accepted unless the same is accompanied by a certified check or a cash deposit of at least ten percent (10%) of the amount of the bid.  Before being permitted to bid at the sale, bidders shall display to the Internal Revenue Service proof that they are able to comply with this requirement.  No bids will be received from any person who has not presented proof that, if they are the successful bidder, they can make the deposit required by this order.

10.     The balance of the purchase price on any of the Properties shall be paid to the Internal Revenue Service within sixty (60) days after the date the bid is accepted.  Payment shall be by a certified or cashier's check payable to the "United States Treasury."  If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, with any amount remaining to be returned to the bidder, and the Properties shall be again offered for sale under the terms and conditions of this order and decree.

11.    The sale(s) of the Properties shall be subject to confirmation by this Court.  On

confirmation of the sale(s), the Internal Revenue Service shall execute and deliver deeds of

judicial sale conveying the Properties to the purchaser(s).   Upon confirmation of the sale, all

interests in, liens against, or claims to, the Properties that are held or asserted by the United

States or the defendants in this action are discharged and extinguished.

12.    No later than twenty-five (25) days after receipt of the balance of the purchase

price, the Internal Revenue Service shall file a report of sale with the Court, together with a

proposed order of confirmation of sale and proposed deed(s).

13.    After confirmation of the sale the recorder of deeds of Westmoreland County and

the Commonwealth of Pennsylvania shall proceed to record the deed(s) in favor of the

purchaser(s).

14.    Until the Properties are sold, defendants Antoine F. Cawog and Aurora N. Cawog

shall take all reasonable steps necessary to preserve the Properties (including all improvements,

fixtures and appurtenances) in their current condition including, without limitation, maintaining

fire and casualty insurance on the Properties at their own expense.  Antoine F. Cawog and

Aurora N. Cawog shall not commit waste against the Properties nor shall they cause or permit

anyone else to do so.   They shall not do anything that tends to reduce the value or marketability

of the Properties, nor shall they cause or permit anyone else to do so.  They shall take no action

which may tend to deter or discourage potential bidders from participating in the public auction.

15.    All persons occupying the Properties shall permanently leave and vacate the

premises within thirty (30) days of the date of this order and decree, taking with them their

personal property (but leaving all improvements, buildings, fixtures and appurtenances to the

Properties).  If any person fails or refuses to vacate any of the Properties by the time specified in

this Order, the United States Marshal's Office, is authorized to take whatever action it deems

appropriate to remove such person from the premises.  If any person fails or refuses to remove

his or her personal property, such property is deemed forfeited and abandoned, and the Internal

Revenue Service is authorized to dispose of such personal property in any manner it deems

appropriate, including, but not limited to, the sale of such personal property.  The proceeds of the

sale of any such personal property shall be applied first to the expenses of sale, and then remitted

to the plaintiff to be applied towards the unpaid Federal income tax liabilities of defendants,

Antoine F. and Aurora N. Cawog.

     16.     The proceeds from the sale of the above-described real properties shall be

distributed in the following order:

     A.     First, the Internal Revenue Service shall retain an amount sufficient to

cover the expenses of the sale, and including any amount sufficient to cover the expense of

maintaining the realty pending sale and confirmation.

     B.     Second, the remaining proceeds are to be paid over to the United States of

America, payable to the "United States Treasury," for the tax liabilities of Antoine F. and Aurora

N. Cawog as evidenced by the judgment entered against them in this action.

     C.     Last, any remaining proceeds shall be paid to Antoine F. Cawog and

Aurora N. Cawog.

8

17.     No later than thirty (30) days after distributing the proceeds, if any, the Internal

Revenue Service shall file a final report of distribution with the Court after which the Court shall

close the case.

Signed this 15th day of ___June___, 2006.

_____
UNITED STATES DISTRICT JUDGE